IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASSANDRA JOHNSON, individually and as representative of the estate of decedent TRELYNN D'MAUN WORMLEY, | §§§§§§§§§§§§§§ | Civil No. 3:23-CV-01222-K |
| Plaintiff, | | |
| v. | | |
| AALIYAH LYLES, KEEFE COMMISSARY NETWORK, L.L.C., and KEEFE GROUP, LLC, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Cassandra Johnson's Motion to Remand (the "Motion to Remand") and Brief in Response to Notice of Removal, Doc. No. 5, Defendants Keefe Commissary Network, L.L.C. and Keefe Group, LLC's (collectively, the "Keefe Defendants") Response to Plaintiff's Motion to Remand, Doc. No. 6, and Ms. Johnson's Reply in Further Support of Her Motion to Remand. Doc. No. 7.

Upon consideration of the parties' submissions, the Court **DENIES** Ms. Johnson's Motion to Remand. After her son Trelynn D'Maun Wormley allegedly died of a fentanyl overdose in a Tarrant County jail, Ms. Johnson sued Aaliyah Lyles and the Keefe Defendants individually and on behalf of Mr. Wormley's estate for the resulting damages. Doc. No. 1-1 at 1. She alleged that Ms. Lyles supplied Mr. Wormley with the fentanyl that killed him and that the Keefe Defendants failed to prevent Ms. Lyles

1

from doing so despite running commissary services at the jail. *Id.* at 2–3. The Keefe Defendants removed Ms. Johnson's suit from the Dallas County Court at Law No. 1 to this Court, asserting that the Court has diversity of citizenship jurisdiction because the Keefe Defendants are citizens of Missouri and Delaware and Ms. Johnson is a citizen of a different state, Texas. Doc. No. 1 ¶¶ 5–9. Ms. Johnson challenges this reasoning by pointing out that Ms. Lyles is a fellow Texan, but the Court rejects the challenge because Ms. Lyles is not a properly joined defendant. Doc. No. 5 at 2. As the Keefe Defendants demonstrate, the claims against her are baseless, and the Court **DISMISSES** them without prejudice. Having approved the Keefe Defendants' removal, the Court also denies Ms. Johnson's request for an award of her attorneys' fees and costs incurred because of the removal of this suit.

The parties' arguments for remanding or retaining jurisdiction over this action turn on a disputed issue of improper joinder. The usual rule is that the Court may not retain jurisdiction over a case removed from state court unless the case is within its original jurisdiction. *See* 28 U.S.C. § 1441(a); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). When the removal depends on the Court's diversity jurisdiction, as it does in this case, that means that the citizenship of the plaintiff must differ from the citizenship of each defendant and the amount in controversy among the parties must exceed $75,000. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc); 28 U.S.C. § 1332(a). Improper joinder refers to an exception to this rule. It occurs when the plaintiff names a defendant whose citizenship the Court

2

must disregard even though the plaintiff shares it. *Flagg*, 819 F.3d at 136. Perhaps the most commonly litigated form of improper joinder is the one the Keefe Defendants invoke here, which occurs when there is no reasonable basis to predict that the plaintiff might recover against the defendant who shares her citizenship. *Smallwood*, 385 F.3d at 573. The Keefe Defendants have the burden of persuading the Court that Ms. Johnson engaged in this type of improper joinder by naming Ms. Lyles, a fellow Texas citizen, as a defendant. *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018). One way they may carry that burden is by producing discrete and undisputed facts omitted from Ms. Johnson's petition that show that her claims against Ms. Lyles have no reasonable possibility of success. *Jack v. Evonik Corp.*, 79 F.4th 547, 555 (5th Cir. 2023); *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 70 (5th Cir. 2010) (per curiam).

This is the Keefe Defendants' approach, and the Court finds their factual submissions persuasive. The Keefe Defendants present a declaration and an employment record establishing that neither of them employed Ms. Lyles until after Mr. Wormley's death. Doc. No. 1-1 at 2, 30–32. The declaration and the record negate the factual basis of Ms. Johnson's claims against Ms. Lyles: her allegation that Ms. Lyles supplied Mr. Wormley with fentanyl while working as an employee of a Keefe Defendant at the jail where Mr. Wormley was incarcerated. *Id.* at 8–9. Setting aside Ms. Johnson's discredited theory that Ms. Lyles gave Mr. Wormley the drug while employed by a Keefe

3

Defendant at the jail where he resided, Ms. Johnson has pled no basis for inferring that Ms. Lyles engaged in wrongdoing.

The Court concludes that Ms. Lyles is not a properly joined defendant. The remaining parties have different citizenships, and they reasonably agree that more than $75,000 is at issue in their dispute, so the Court must retain jurisdiction of the dispute and deny Ms. Johnson's Motion to Remand it to state court. 28 U.S.C. § 1332(a); Doc. No. 1 at 5; Doc. No. 1-1 at 3.

Since the Court denies the Motion to Remand, it also denies Ms. Johnson's request for attorneys' fees and costs she incurred because the Keefe Defendants removed the suit from state court. The Court has discretion to award fees and costs when it remands a suit. 28 U.S.C. § 1447(c); *Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 534 (5th Cir. 2020). Ordinarily, the Court authorizes an award only if the basis for removal is objectively unreasonable. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court is not remanding Ms. Johnson's suit, and it has accepted the reasoning behind the Keefe Defendants' removal, making an award inappropriate.

For the reasons stated in this opinion, the Court **DENIES** Ms. Johnson's Motion to Remand and **DISMISSES** the claims against Ms. Lyles without prejudice.

**SO ORDERED.**

Signed January 23rd, 2024.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

5